UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONY VILLATORO-HERNANDEZ, et al., | Case No. 2:26-cv-1764 |
| Petitioners, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| JULIO HERNANDEZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioners are citizens of Mexico and Guatemala, between the ages of 23 to 45 years old, who entered the United States without inspection, were recently apprehended by Department of Homeland Security officials, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–19; Dkts. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9.

Of the eight petitioners, two have had bond hearings since being detained: On May 27, 2026, an immigration judge ("IJ") denied Petitioner Ramiro Rivera-Flores's request for bond on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 7 at 3. In the alternative, the IJ ordered that if he had jurisdiction to consider the request, the request for bond would be denied because Rivera-Flores was a flight risk. Dkt. 8-1 at 2; Dkt. 9 at

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

1. On May 28, Petitioner Elena Jeronimo-Mendoza had a bond hearing; the IJ similarly denied her request on the basis that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 9 at 1. In the alternative, the IJ ordered that if he had jurisdiction to consider the request, he would grant a $10,000 bond. Dkt. 9-1 at 2. The remaining petitioners have not yet received bond rulings. Dkt. 9 at 2.

On May 22, Petitioners filed this petition for writ of habeas corpus, arguing that their mandatory detention violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 34–38. On May 28, Federal Respondents filed a return to the habeas petition. Dkt. 7. Petitioners filed a traverse the same day. Dkt. 9. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court DENIES the petition for Ramiro Rivera-Flores but otherwise GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 2

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 22–29. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 7 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Petitioners acknowledge that Petitioner Ramiro Rivera-Flores is precluded from habeas relief because he was found to be a flight risk by the IJ. Dkt. 9 at 1.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is DENIED as to Petitioner Ramiro Rivera-Flores.

2.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Rony Villatoro-Hernandez; Paulino Perea-Bravo; Floridalma Jeronimo Mendoza; Elena Jeronimo Mendoza; Catarino De La Torre Ferretiz; Jose Aguirre-Govea; and Gaspar Ek Uc.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 3

3.    Within ONE day of this Order, Respondents must either release Petitioner Elena Jeronimo Mendoza or allow her release upon payment of the alternative bond amount of $10,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

4.    Within fourteen days of receiving Petitioner Rony Villatoro-Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5.    Within fourteen days of receiving Petitioner Paulino Perea-Bravo's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6.    Within fourteen days of receiving Petitioner Catarino De La Torre Ferretiz's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7.    Within fourteen days of receiving Petitioner Floridalma Jeronimo Mendoza's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

8.    Within fourteen days of receiving Petitioner Jose Aguirre-Govea's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9.    Within fourteen days of receiving Petitioner Gaspar Ek Uc's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

10.    Upon the release of any Petitioner, Respondents must return to the Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

11.    Nothing in this order prevents an Immigration Judge from granting an individual Petitioner's request for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 1st day of June, 2026.

Tiffany M. Cartwright
United States District Judge